UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABRAHAM FEDAY GEREMARIAM,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, ET AL,<br>Respondent. | Case No. 2:26-cv-04309-TLF<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A TEMPRORARY RESTRAINING ORDER |

Petitioner, a native of Eritrea and a citizen of Sweden, was detained by the Department of Homeland Security on October 14, 2026, and is presently detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 at 1-2, 7. Petitioner moves for an emergency temporary restraining order ("TRO"). Dkt. 2. He requests "the Court prevent removal for fourteen days, direct Respondents to provide the operative removal and detention records, and set an expedited briefing or status schedule." *Id.* at 1. For the below reasons, petitioner's motion for a TRO is DENIED.

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (refusing to separately consider a TRO after a preliminary injunction as "our analysis is substantially identical for the injunction and the TRO.").

In response to the increased volume of immigration-related habeas corpus petitions, the Court published General Order 10-25 on December 18, 2025, to establish procedures for petitions for writ of habeas corpus under 28 U.S.C. § 2241. For TROs, this General Order aims to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition." W.D. Wash. Gen. Ord. 10-25 at 3. TROs "should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." *Id*; *see also Winter* 555 U.S. at 20.

To receive a TRO, petitioner must establish (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Here, petitioner has not established he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Petitioner attaches two visa waiver program notices to his TRO, but there are no specific dates of removal on those notices and he does not otherwise provide specific facts "alleg[ing] imminent, irreparable harm, such as imminent removal from the United States." W.D. Wash. Gen. Ord. 10-25 at 3; Dkt. 2-2, 2-3.

As stated in *Winter*, "a possibility of irreparable harm" is insufficient for preliminary injunctive relief. 555 U.S. at 22; *see also Flores Torres v. Wamsley*, No. 2:25-CV-02687-LK, 2025 WL 3754250 at *2 (W.D. Wash. Dec. 29, 2025) (rejecting counsel's argument that petitioner was "'at risk'" of being transferred out by claiming previous clients had been transferred).

The standard scheduling order provided by the General Order, W.D. Wash. Gen. Ord. 10-25, Ex. 1, which this Court entered in the present matter, Dkt. 3, also requires respondents provide petitioners and their counsel “at least 48 hours’ notice (or 72 hours’ notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.” Dkt. 3. In this case, a motion for TRO preventing the petitioner’s transfer is premature.

Petitioner has not shown imminent harm is likely, *Winter*, 555 U.S. at 20, 24, and his concerns on removal and transfer are addressed by General Order 10-25 which requires respondents to provide notice prior to transferring or removing petitioner from this District.

Petitioner also requests an expedited briefing schedule but did not follow the procedures set out explicitly in the scheduling order. *Id*. at 2-3 (If either party seeks an expedited or enlarged briefing schedule, counsel for that party shall contact the opposing counsel promptly to meet and confer. . . ).

Accordingly, petitioner’s emergency motion for a temporary restraining order, Dkt. 2, is DENIED without prejudice (allowing for filing of a TRO motion if circumstances change, and the criteria of *Winter* are satisfied).

Dated this 6th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge